IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

NICHOLAS CONLAN,

                    Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

                    Defendant.

CV 18-94-H-JTJ

**ORDER**

## INTRODUCTION

Presently before the Court is Defendant Costco Wholesale Corporation's (Costco's) second motion in limine. The motion has two parts. Costco seeks an order prohibiting Plaintiff Nicholas Conlan (Conlan) from asserting a public accommodation claim under the Montana Human Rights Act based on events that allegedly occurred at Costco's tire shop on March 11, 2017. Costco also seeks an order prohibiting Conlan from presenting any evidence or argument concerning the events that allegedly occurred at Costco's tire shop. Costco argues that an order in limine is appropriate because this Court lacks jurisdiction to entertain a public accommodation claim based on the events that allegedly occurred at Costco's tire shop. Costco argues that this Court lacks jurisdiction because

Conlan did not file a complaint with the Montana Human Rights Bureau alleging

discrimination on March 11, 2017. Conlan opposes the motion.

## DISCUSSION

### a.    Public Accommodation Claim

The Montana Human Rights Act provides that no court has jurisdiction to

entertain a discrimination claim under Act "other than by the procedures

specified" in the Act. Mont. Code Ann. § 49-2-512(1). The Act's statutory

procedure is clear. Any person seeking to pursue a claim of discrimination in

court must first file a complaint with the Montana Human Rights Bureau stating

"the particulars of the alleged discriminatory practice." Mont. Code Ann. § 49-2-

501(3). The complaint must be filed within 180 days of the alleged discriminatory

practice. Mont. Code Ann. § 49-2-501(4). Upon receipt of the complaint, the

Montana Human Rights Bureau must promptly "investigate the matters set out in

the complaint" and "determine whether there is reasonable cause to believe that

the allegations are supported by a preponderance of the evidence." Mont. Code

Ann. 49-2-504(1). The claimant may not file a lawsuit in a district court based on

the alleged discriminatory practice until the Act's administrative procedures have

been exhausted. *Borges v. Missoula County Sheriff's Office*, 415 P.3d 976, 981

(Mont. 2018); *Griffith v. Butte School District No. 1*, 244 P.3d 321, 331 (Mont.

-2-

2010).  A district court may only entertain those claims that have been investigated and adjudicated by the Montana Human Rights Bureau.  *Borges*, 415 P.3d at 982; Mont Code Ann. § 49-2-512(1).

Here, it is undisputed that Conlan submitted only one complaint to the Montana Human Rights Bureau alleging a public accommodation violation.  (Doc. 100-3).  The complaint was submitted on November 6, 2017.  *Id.*  Conlan alleged that Costco discriminated against him on July 20, 2017, when he went to the Costco store in Helena as a customer to get a prescription filled.  *Id.*  Conlan did allege that Costco had previously discriminated against him on March 11, 2017, in the tire shop.  *Id.*  The investigation and adjudication conducted by the Montana Human Rights Bureau in response to the complaint was limited to Conlan's allegations of discrimination on July 20, 2017.  (*See* Doc. 100-4).  Conlan is therefore prohibited from asserting a discrimination claim under the Montana Human Rights Act based on the events that allegedly occurred at Costco's tire shop on March 11, 2017.  *Jones v. Montana University System*, 155 P.3d 1247, 1255 (Mont. 2007).

Conlan argues that his public accommodation claim survives despite his failure to exhaust his administrative remedies.  Conlan argues that his public accommodation claim remains viable because the exhaustion requirement in the

-3-

Montana Human Rights Act is a non-jurisdictional requirement that is subject to waiver if not raised in a timely manner. Conlan argues that a waiver occurred here because Costco did not raise the issue until after the deadline for filing pretrial motions.

Conlan's wavier argument is not compelling. As discussed above, the exhaustion requirement in the Montana Human Rights Act is a jurisdictional prerequisite that must be satisfied before a court can entertain the discrimination claim. Mont. Code Ann. § 49-2-512(1); *Borges*, 415 P.3d at 981. Costco's jurisdictional challenge is timely. A defendant may raise a jurisdictional challenge "at any point in the litigation." *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### b.  Evidence and Argument Concerning the Events that Alleged Occurred on March 11, 2017

Conlan argues that he should be allowed to present evidence and argument concerning the events that allegedly occurred at Costco's tire shop on March 11, 2017. Conlan argues that such evidence and argument should be allowed because the events of March 11, 2017, are "very relevant" to his "other claims" of discrimination. (Doc. 101 at 13). Conlan, however, fails to explain why the events of March 11, 2017, are relevant to his other claims. Based on the record

developed at this juncture, it is unclear whether the events that allegedly occurred

on March 11, 2017, are relevant to Conlan's other claims.  The Court therefore

finds it appropriate to deny Costco's motion without prejudice to renewal at trial.

Accordingly, IT IS HEREBY ORDERED:

Costco's Second Motion in Limine (Doc. 99) is GRANTED in part,

and DENIED in part, as follows:

a.      The portion of Costco's motion that seeks an order prohibiting

Conlan from asserting a public accommodation claim based on events that

allegedly occurred at Costco's tire shop on March 11, 2017 (Doc. 99-1), is

GRANTED.

b.      The portion of Costco's motion that seeks and order prohibiting

Conlan from presenting evidence and argument relating to the events that

allegedly occurred at Costco's tire shop on March 11, 2017 (Doc. 99-2), is

DENIED without prejudice to renewal at trial.

DATED this 4th day of December, 2020.


John Johnston
United States Magistrate Judge


-5-